P-588
Anthony A. Lenza, Jr., Esq.
Law Office of Carl M. Erman, Esq.
618 Newark Avenue
Elizabeth, NJ 07028
alenza@amabile-erman.com
(908) 282-0505
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

------------------------------------X
INES LOMANDO, as Administratrix Ad
Prosequendum of the Estate of                CIVIL NO.
LAURA LOMANDO, deceased,

        Plaintiff,

   -against-

THE UNITED STATES OF AMERICA.

        Defendant.
------------------------------------X

## COMPLAINT

Plaintiff, INES LOMANDO, as Administratrix Ad Prosequendum of the Estate of LAURA LOMANDO, deceased, residing at 366 Daniel Drive, Town of Ocean, City of Asbury Park, County of Monmouth, and State of New Jersey, complaining of the defendant says:

### FIRST COUNT

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§2671 et seq., and this Court has jurisdiction under the provisions of 28 U.S.C. §1346(b).

2. At all times herein mentioned, ZAVEN AYANIAN, M.D., DIANA HELMER, M.D., and other physicians whose identities are not

currently known were volunteer free clinic health professionals practicing medicine at the Parker Family Health Center in Red Bank, NJ.

3. At all times herein mentioned, ZAVEN AYANIAN, M.D., DIANA HELMER, M.D., other physicians whose identities are not currently known are deemed federal employees for purposes of the Federal Tort Claims Act.

4. On August 23, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of ZAVEN AYANIAN, M.D. at the Parker Family Health Center for the evaluation and treatment of left sided neck swelling/enlargement.

5. On August 28, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of DIANA HELMER, M.D. at the Parker Family Health Center for the evaluation and treatment of left sided neck swelling/enlargement.

6. On September 9, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of a volunteer free clinic health professional and physician whose identity is currently unknown at the Parker Family Health Center for the evaluation and treatment of fatigue, left sided neck swelling/enlargement, and positive right axillary node.

7. On September 11, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of a volunteer free clinic health professional and physician whose identity is currently unknown at the Parker Family Health Center for the evaluation and

treatment of fatigue, left sided neck swelling/enlargement, and positive right axillary node.

8. On September 21, 2006, plaintiff's decedent, LAURA LOMANDO, died while admitted at Riverview Medical Center in Red Bank, NJ.

9. At all times herein relevant, ZAVEN AYANIAN, M.D. was a licensed and practicing physician in the State of New Jersey holding himself out to the public as a specialist in the field of internal medicine. As such, DR. AYANIAN is and was to be held to a higher standard of care than the general practitioner within his chosen specialty.

10. At all times herein relevant, DIANA HELMER, M.D., was a licensed and practicing physician in the State of New Jersey holding herself out to the public as a specialist in the field of internal medicine. As such, DR. HELMER is and was to be held to a higher standard of care than the general practitioner within her chosen specialty.

11. Plaintiff charges that the named and unnamed volunteer free clinic health professionals and physicians owed a duty to the plaintiff's decedent, LAURA LOMANDO, to render medical care in conformity with accepted standards of medical practice and deviated from good and accepted standards and breached their duty owing to the plaintiff's decedent, LAURA LOMANDO, which breach was a proximate cause of LAURA LOMANDO's injuries, pain and suffering, mental anguish, and ultimate death on September 21, 2006.

12. As a result of the carelessness, recklessness and negligence as well as the failure to adhere to accepted medical standards by defendant's deemed employees or agents, LAURA LOMANDO suffered severe and painful permanent injuries and subsequently died on September 21, 2006 because of those injuries.

13. On February 13, 2008, plaintiff submitted her claim for a definite amount to the United States Department of Health & Human Services, Public Health Service Claims Office. By August 14, 2008, the United States Department of Health & Human Services, Public Health Service had neither accepted nor rejected such claim and, pursuant to 28 U.S.C. §2675(a), plaintiff has elected to consider such failure to act as a final denial of the claim.

### SECOND COUNT

1. Plaintiff repeat herein and incorporate by reference each and every allegation of the FIRST COUNT as if set forth more specifically in its entirety.

2. Plaintiff charges that the defendant's named and unnamed volunteer free clinic health professionals and physicians deviated from good and accepted standards of the medical profession in failing to properly advise plaintiff's decedent of the risks associated with delaying the procedures, tests, and treatments which they intended to perform upon her and the complications attendant thereto and, therefore, defendants have violated the

doctrine commonly known as "informed consent".

3. As a result of defendants' negligence as aforesaid, plaintiff's decedent, LAURA LOMANDO, sustained severe harm, loss, injury and eventual death.

### THIRD COUNT

1. Plaintiff repeats herein and incorporates by reference each and every allegation of the FIRST and SECOND COUNTS as if set forth more specifically in its entirety.

2. On or about September 12, 2007, the plaintiff, INES LOMANDO, was appointed Administratrix Ad Prosequendum of the Estate of LAURA LOMANDO by the Surrogate Court of Monmouth, State of New Jersey and she was duly qualified and is still acting as such Administratrix.

3. Plaintiff charges that as a direct and proximate result of the carelessness, recklessness and negligence of the defendant's named and unnamed volunteer free clinic health professionals and physicians, as well as the failure to adhere to accepted medical standards, plaintiff's decedent, LAURA LOMANDO, died on September 21, 2006.

4. That this action is commenced within two (2) years of the death of LAURA LOMANDO.

5. That the heirs-at-law of LAURA LOMANDO have sustained damages as a result of the death of LAURA LOMANDO.

6. There is, and there was at the time of the events complained of, in force and effect in the State of New Jersey, a death statute known and designed as N.J.S.A. 2A:31-1, et seq., and plaintiff brings the fourth count of this action pursuant to the provisions thereof for the benefit of the next of kin of plaintiff's decedent and within two (2) calendar years of the date on which the cause of action accrued.

WHEREFORE, the plaintiff demands judgment against the United States of America as follows:

1. Award compensatory damages on the First Count in an amount to be determined at trial;

2. Award compensatory damages on the Second Count in an amount to be determined at trial;

3. Award compensatory damages on the Third Count in an amount to be determined at trial;

4. Award costs of this action to the plaintiff;

5. Such other relief as the Court may deem proper.

Dated:   August 15, 2008

CARL M. ERMAN, ESQ.
Attorney for Plaintiff

ANTHONY A. LENZA, JR. (AL2680)
ALENZA@AMABILE-ERMAN.COM

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Dated:    August 15, 2008

CARL M. ERMAN, ESQ.
Attorney for Plaintiff

_____
ANTHONY A. LENZA, JR. (AL2680)
ALENZA@AMABILE-ERMAN.COM

## CERTIFICATION PURSUANT TO CIV. RULE 11.2

The undersigned certifies that the within matters in controversy are related to a pending matter in Superior Court of the State of New Jersey with the following caption:

```
------------------------------------X
INES LOMANDO, as Administratrix Ad
Prosequendum of the Estate of            SUPERIOR COURT OF NEW JERSEY
LAURA LOMANDO, deceased,                 LAW DIVISION-MONMOUTH COUNTY

                                         DOCKET NO. MON-L-4802-07
              Plaintiff,
                                            CIVIL ACTION
         -against-
                                         MEDICAL MALPRACTICE
STEPHANIE REYNOLDS, M.D., TREVOR
TALBERT, M.D., DAVID HYPPOLITE
M.D., PARKER FAMILY HEALTH CENTER,
RIVERVIEW MEDICAL CENTER, EMERGENCY
PHYSICIAN ASSOCIATES NORTH JERSEY, PC,
JOHN DOE #1 through #5, MARY MOE #1 through
#5, and XYZ CORPORATION #1 through
#5 (fictitious names representing
unknown physicians, nurses,
technicians, medical groups, medical
facilities and/or other medical
providers who participated in the
medical care of the plaintiff) jointly,
severally and in the alternative,

              Defendants.
------------------------------------X
```

Said state court action initially included ZAVEN AYANIAN, M.D. and DIANA HELMER, M.D. as named defendants until the undersigned was notified that said physicians were deemed federal employees under the Federal Tort Claims Act. Thereafter, said defendant physicians were discontinued from the pending New Jersey Superior Court action so that the instant action could be commenced. It is requested that the New Jersey Superior Court action be transferred and consolidated into the instant action.

Dated:     August 15, 2008

                                        CARL M. ERMAN, ESQ.
                                        Attorney for Plaintiff

                                        ANTHONY A. LENZA, JR. (AL2680)
                                        ALENZA@AMABILE-ERMAN.COM