P-588
Anthony A. Lenza, Jr., Esq.
Law Office of Carl M. Erman, Esq.
618 Newark Avenue
Elizabeth, NJ 07028
alenza@amabile-erman.com
(908) 282-0505
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

----------------------------------X
INES LOMANDO, as Administratrix Ad
Prosequendum of the Estate of        CIVIL NO. 3:08-CV-04177-FLW-TJB
LAURA LOMANDO, deceased,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA,
STEPHANIE REYNOLDS, M.D., TREVOR
TALBERT, M.D., DAVID HYPPOLITE,
M.D., PARKER FAMILY HEALTH CENTER,
RIVERVIEW MEDICAL CENTER, EMERGENCY
PHYSICIAN ASSOCIATES NORTH JERSEY, PC,
JOHN DOE #1 through #5, MARY MOE #1 through
#5, and XYZ CORPORATION #1 through
#5 (fictitious names representing
unknown physicians, nurses,
technicians, medical groups, medical
facilities and/or other medical
providers who participated in the
medical care of the plaintiff) jointly,
severally and in the alternative,

Defendants.
----------------------------------X

## AMENDED COMPLAINT

Plaintiff, INES LOMANDO, as Administratrix Ad

Prosequendum of the Estate of LAURA LOMANDO, deceased, residing at

366 Daniel Drive, Town of Ocean, City of Asbury Park, County of

Monmouth, and State of New Jersey, complaining of the defendants say:

## FIRST COUNT

1.    This action arises under the Federal Tort Claims Act, 28 U.S.C. §§2671 et seq., and this Court has jurisdiction under the provisions of 28 U.S.C. §1346(b) as well as supplemental jurisdiction under the provisions of 28 U.S.C. §1367(a).

2.    At all times herein mentioned, ZAVEN AYANIAN, M.D., DIANA HELMER, M.D., and other physicians whose identities are not currently known were volunteer free clinic health professionals practicing medicine at the defendant, PARKER FAMILY HEALTH CENTER, in Red Bank, NJ.

3.    At all times herein mentioned, ZAVEN AYANIAN, M.D., DIANA HELMER, M.D., other physicians whose identities are not currently known are deemed federal employees for purposes of the Federal Tort Claims Act.

4.    On August 23, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of ZAVEN AYANIAN, M.D. at defendant, PARKER FAMILY HEALTH CENTER, for the evaluation and treatment of left sided neck swelling/enlargement.

5.    On August 28, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of DIANA HELMER, M.D. at defendant, PARKER FAMILY HEALTH CENTER, for the evaluation and treatment of left sided neck swelling/enlargement.

6.    On September 3, 2006, plaintiff's decedent, LAURA

2

LOMANDO, came under the medical care of the defendants, RIVERVIEW MEDICAL CENTER and EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC, for the evaluation and treatment of left sided neck swelling/enlargement.

7.   On September 5, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of the defendant, STEPHANIE REYNOLDS, M.D., RIVERVIEW MEDICAL CENTER, and EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC, for the evaluation and treatment of chest pain, shortness of breath, and left sided neck swelling/enlargement.

8.   On September 9, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of a volunteer free clinic health professional and physician whose identity is currently unknown and designated as JOHN DOE #1 and/or JANE DOE #1 at defendant, PARKER FAMILY HEALTH CENTER, for the evaluation and treatment of fatigue, left sided neck swelling/enlargement, and positive right axillary node.

9.   On September 11, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of a volunteer free clinic health professional and physician whose identity is currently unknown and designated as JOHN DOE #2 and/or JANE DOE #2 at defendant, PARKER FAMILY HEALTH CENTER, for the evaluation and treatment of fatigue, left sided neck swelling/enlargement, and positive right axillary node.

10.   On September 12, 2006, defendant, PARKER CLINIC,

3

scheduled a thyroid biopsy for plaintiff's decedent, LAURA LOMANDO, for September 25, 2006 at defendant, RIVERVIEW MEDICAL CENTER.

11.  On September 15, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of the defendants, TREVOR TALBERT, M.D., RIVERVIEW MEDICAL CENTER, and EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC, for the evaluation and treatment of fever, headache, malaise, chills, and left sided neck swelling/enlargement.

12.  On September 20, 2006, plaintiff's decedent, LAURA LOMANDO, came under the medical care of the defendants, STEPHANIE REYNOLDS, M.D., DAVID HYPPOLITE, RIVERVIEW MEDICAL CENTER, and EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC, for the evaluation and treatment of metabolic acidosis, renal failure, tumor lysis syndrome, fever, jaundice, and the inability to eat or drink.

13.  On September 21, 2006, plaintiff's decedent, LAURA LOMANDO, died while admitted at defendant, RIVERVIEW MEDICAL CENTER, in Red Bank, NJ.

14.  At all times herein relevant, ZAVEN AYANIAN, M.D. was a licensed and practicing physician in the State of New Jersey holding himself out to the public as a specialist in the field of internal medicine. As such, DR. AYANIAN is and was to be held to a higher standard of care than the general practitioner within his chosen specialty.

15.  At all times herein relevant, DIANA HELMER, M.D., was a licensed and practicing physician in the State of New Jersey

4

holding herself out to the public as a specialist in the field of internal medicine.  As such, DR. HELMER is and was to be held to a higher standard of care than the general practitioner within her chosen specialty.

16.  At all times herein relevant, defendant, PARKER FAMILY HEALTH CENTER, was a duly accredited medical care facility authorized by the State of New Jersey to provide medical services to its patients at all times herein relevant and was governed by the standards promulgated by the authority of the State of New Jersey through its various regulatory agencies, the standards of the Joint Commission on Accreditation of Health Care Organizations and its own internal constitution, by-laws, regulations, protocols, procedures and standards.

17.  At all times herein relevant, defendant, RIVERVIEW MEDICAL CENTER, was a duly accredited hospital authorized by the State of New Jersey to provide hospital services to its patients at all times herein relevant and was governed by the standards promulgated by the authority of the State of New Jersey through its various regulatory agencies, the standards of the Joint Commission on Accreditation of Health Care Organizations and its own internal constitution, by-laws, regulations, protocols, procedures and standards.

18.  At all times herein relevant, the defendant, STEPHANIE REYNOLDS, M.D., was a licensed and practicing physician in the State of New Jersey.

5

19.   At all times herein relevant, the defendant, TREVOR TALBERT, M.D., was a licensed and practicing physician in the State of New Jersey.

20.   At all times herein relevant, the defendant, DAVID HYPPOLITE, M.D., was a licensed and practicing physician in the State of New Jersey holding himself out to the public as a specialist in the field of internal medicine.   As such, DR. HYPPOLITE is and was to be held to a higher standard of care than the general practitioner within his chosen specialty.

21.   At all times herein relevant, defendant, EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC, was a duly accredited Professional Corporation licensed by the State of New Jersey to provide medical services to its patients at all times herein relevant and was governed by the standards promulgated by the authority of the State of New Jersey through its various regulatory agencies, the standards of the Joint Commission on Accreditation of Health Care Organizations and its own internal constitution, by-laws, regulations, protocols, procedures and standards.

22.   On and subsequent to August 23, 2006, plaintiff's decedent, LAURA LOMANDO, came under the professional medical care, attention and treatment of the fictitiously identified defendants, JOHN DOE #1 through #5, MARY MOE #1 through #5 and XYZ CORPORATION #1 through #5, which fictitious names represent unknown physicians, nurses, technicians, medical groups, medical facilities and/or other medical providers who participated in the medical care of the

6

plaintiff.

23.   Plaintiff charges that the named and fictitiously named defendants, any one or all of them, were negligent, careless and reckless in the medical treatment of plaintiff's decedent, LAURA LOMANDO.

24.   Plaintiff charges that the named and fictitiously named defendants and volunteer free clinic health professionals and physicians owed a duty to the plaintiff's decedent, LAURA LOMANDO, to render medical care in conformity with accepted standards of medical practice and deviated from good and accepted standards and breached their duty owing to the plaintiff's decedent, LAURA LOMANDO, which breach was a proximate cause of LAURA LOMANDO's injuries, pain and suffering, mental anguish, and ultimate death on September 21, 2006.

25.   As a result of the carelessness, recklessness and negligence as well as the failure to adhere to accepted medical standards by defendants and the deemed federal employees or agents, LAURA LOMANDO suffered severe and painful permanent injuries and subsequently died on September 21, 2006 because of those injuries.

26.   On February 13, 2008, plaintiff submitted her claim for a definite amount to the United States Department of Health & Human Services, Public Health Service Claims Office. By August 14, 2008, the United States Department of Health & Human Services, Public Health Service had neither accepted nor rejected such claim and, pursuant to 28 U.S.C. §2675(a), plaintiff has elected to consider

7

such failure to act as a final denial of the claim.

27.   The named and fictitiously named defendants and the named and unnamed volunteer free clinic health professionals and physicians are jointly and severally liable.

28.   The claims against defendants, STEPHANIE REYNOLDS, M.D., TREVOR TALBERT, M.D., DAVID HYPPOLITE, M.D., PARKER FAMILY HEALTH CENTER, RIVERVIEW MEDICAL CENTER, EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC, JOHN DOE #1 through #5, MARY MOE #1 through #5, and XYZ CORPORATION #1 through #5, arise out of the same case and controversy involving defendant, THE UNITED STATES OF AMERICA, and its named and unnamed volunteer free clinic health professionals and physicians.

## SECOND COUNT

1.   Plaintiff repeat herein and incorporate by reference each and every allegation of the FIRST COUNT as if set forth more specifically in its entirety.

2.   Plaintiff charges that the named and fictitiously named defendants and the named and unnamed volunteer free clinic health professionals and physicians deviated from good and accepted standards of the medical profession in failing to properly advise plaintiff's decedent of the risks associated with delaying the procedures, tests, and treatments which they intended to perform upon her and the complications attendant thereto and, therefore,

defendants have violated the doctrine commonly known as "informed consent".

3.     As a result of defendants' negligence as aforesaid, plaintiff's decedent, LAURA LOMANDO, sustained severe harm, loss, injury and eventual death.

### THIRD COUNT

1.     Plaintiff repeats herein and incorporates by reference each and every allegation of the FIRST and SECOND COUNTS as if set forth more specifically in its entirety.

2.     On or about September 12, 2007, the plaintiff, INES LOMANDO, was appointed Administratrix Ad Prosequendum of the Estate of LAURA LOMANDO by the Surrogate Court of Monmouth, State of New Jersey and she was duly qualified and is still acting as such Administratrix.

3.     Plaintiff charges that as a direct and proximate result of the carelessness, recklessness and negligence of the named and fictitiously named defendants and the named and unnamed volunteer free clinic health professionals and physicians, as well as the failure to adhere to accepted medical standards, plaintiff's decedent, LAURA LOMANDO, died on September 21, 2006.

4.     That this action is commenced within two (2) years of the death of LAURA LOMANDO.

5.     That the heirs-at-law of LAURA LOMANDO have

9

sustained damages as a result of the death of LAURA LOMANDO.

      6.   There is, and there was at the time of the events complained of, in force and effect in the State of New Jersey, a death statute known and designed as N.J.S.A. 2A:31-1, et seq., and plaintiff brings the fourth count of this action pursuant to the provisions thereof for the benefit of the next of kin of plaintiff's decedent and within two (2) calendar years of the date on which the cause of action accrued.

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

1.   Award compensatory damages on the First Count in an amount to be determined at trial;

2.   Award compensatory damages on the Second Count in an amount to be determined at trial;

3.   Award compensatory damages on the Third Count in an amount to be determined at trial;

4.   Award costs of this action to the plaintiff;

5.   Such other relief as the Court may deem proper.

Dated:    September 30, 2008

                      CARL M. ERMAN, ESQ.
                      Attorney for Plaintiff

                      ANTHONY A. LENZA, JR. (AL2680)
                      ALENZA@AMABILE-ERMAN.COM

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Dated:      September 30, 2008

CARL M. ERMAN, ESQ.
Attorney for Plaintiff

ANTHONY A. LENZA, JR. (AL2680)
ALENZA@AMABILE-ERMAN.COM

## CERTIFICATION PURSUANT TO CIV. RULE 11.2

The undersigned certifies that the within matters in controversy are related to a pending matter in Superior Court of the State of New Jersey with the following caption:

------------------------------------X
INES LOMANDO, as Administratrix Ad
Prosequendum of the Estate of
LAURA LOMANDO, deceased,

                        Plaintiff,

            -against-

STEPHANIE REYNOLDS, M.D., TREVOR
TALBERT, M.D., DAVID HYPPOLITE
M.D., PARKER FAMILY HEALTH CENTER,
RIVERVIEW MEDICAL CENTER, EMERGENCY
PHYSICIAN ASSOCIATES NORTH JERSEY, PC,
JOHN DOE #1 through #5, MARY MOE #1 through
#5, and XYZ CORPORATION #1 through
#5 (fictitious names representing
unknown physicians, nurses,
technicians, medical groups, medical
facilities and/or other medical
providers who participated in the
medical care of the plaintiff) jointly,
severally and in the alternative,

                        Defendants.
------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-MONMOUTH COUNTY

DOCKET NO. MON-L-4802-07

CIVIL ACTION

MEDICAL MALPRACTICE

11

Said state court action initially included ZAVEN AYANIAN, M.D. and DIANA HELMER, M.D. as named defendants until the undersigned was notified that said physicians were deemed federal employees under the Federal Tort Claims Act.  Thereafter, said defendant physicians were discontinued from the pending New Jersey Superior Court action so that the instant action could be commenced.  This Amended Complaint was filed to join the state court defendants into this federal action.

Dated:      September 30, 2008

                                    CARL M. ERMAN, ESQ.
                                    Attorney for Plaintiff


                                    ANTHONY A. LENZA, JR. (AL2680)
                                    ALENZA@AMABILE-ERMAN.COM