George Cortelyou (GC1728)
**BUCKLEY & THEROUX, LLC**
A LIMITED LIABILITY COMPANY
932 STATE ROAD
PRINCETON, N.J. 08540
(609) 924-9099
Attorneys for Defendants
Stephanie Reynolds, D.O.; Trevor Talbert, M.D.; and
Emergency Physician Associates of North Jersey, P.C.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INES LOMANDO, as Administratrix Ad Prosequendum of the Estate of LAURA LOMANDO | : : : : | Civil Action No. 3:08-CV-04177-FLW-TJB |
| Plaintiffs | : : : | CIVIL ACTION |
| vs. | : : | Medical Malpractice |
| ZAVEN AYANIAN, MD; DIANA HELMER, MD; STEPHANIE REYNOLDS, MD; TREVOR TALBERT, MD; DAVID HYPPOLITE, MD; PARKER FAMILY HEALTH CENTER; EMERGENCY PHYISICIAN ASSOCIATES OF NORTH JERSEY, PC, et al. | : : : : : : : | Jury Trial Requested |
| Defendants. | | |

**ANSWER TO AMENDED COMPLAINT
& JURY DEMAND**

Defendants, Stephanie Reynolds, D.O.; Trevor Talbert, M.D.; and Emergency Physician Associates of North Jersey, P.C., by way of Answer to the Amended Complaint, states:

## FIRST COUNT

1. Defendants lack sufficient information to form a belief regarding the truth of the allegations as they call for a legal conclusion and therefore leave Plaintiffs to Plaintiffs' proofs.  Defendants reserve the right to challenge the jurisdictional claims of plaintiffs.

2. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

3. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

4. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

5. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

6. Defendants refer plaintiffs to the medical records regarding date(s) and nature of care and treatment of decedent. The remaining allegations are denied insofar as they pertain to these defendants.

7. Defendants refer plaintiffs to the medical records regarding date(s) and nature of care and treatment of decedent. The remaining allegations are denied insofar as they pertain to these defendants.

8. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

9. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

10. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

11. Defendants refer plaintiffs to the medical records regarding date(s) and nature of care and treatment of decedent. The remaining allegations are denied insofar as they pertain to these defendants.

12. Defendants refer plaintiffs to the medical records regarding date(s) and nature of care and treatment of decedent. The remaining allegations are denied insofar as they pertain to these defendants.

13. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

14. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

15. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

16. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

17. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

18. Admitted.

19. Admitted.

20. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

21. Admitted that Emergency Physicians Associates of North Jersey, P.C., is a professional corporation.  The remaining the allegations are denied.

22. The allegations do not appear to pertain to these Defendants and these Defendants make no answer therein, except to state that should the allegations be construed as to relate to these Defendants, they are denied.

23. Denied.

24. Denied.

25. Denied.

26. Answering defendants do not have sufficient knowledge or information to respond to these allegations.  Plaintiffs are left to Plaintiffs' proofs.

27. Defendants lack sufficient information to form a belief regarding the truth of the allegations as they call for a legal conclusion and therefore leave Plaintiffs to Plaintiffs' proofs.

28. Defendants lack sufficient information to form a belief regarding the truth of the allegations as they call for a legal conclusion and therefore leave Plaintiffs to Plaintiffs' proofs.

## SECOND COUNT

1. Defendants repeat and reassert Defendants' responses to the allegations contained in the prior paragraphs as if set forth at length herein.

2. Denied.

3. Denied.

## THIRD COUNT

1. Defendants repeat and reassert Defendants' responses to the allegations contained in the prior paragraphs as if set forth at length herein.

2. Defendants lack sufficient information to form a belief regarding the truth of the allegations as they call for a legal conclusion and therefore leave Plaintiffs to Plaintiffs' proofs.

3. Denied.

4. Defendants lack sufficient information to form a belief regarding the truth of the allegations as they call for a legal conclusion and therefore leave Plaintiffs to Plaintiffs' proofs.

5. Defendants lack sufficient information to form a belief regarding the truth of the allegations as they call for a legal conclusion and therefore leave Plaintiffs to Plaintiffs' proofs.

6. Defendants lack sufficient information to form a belief regarding the truth of the allegations as they call for a legal conclusion and therefore leave Plaintiffs to Plaintiffs' proofs.

## SEPARATE DEFENSES

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs are barred from recovery by operation of the subject statute of limitations.

3. Plaintiffs' claims are barred or, in the alternative, the damages to which plaintiffs are entitled must be reduced under the doctrine of comparative negligence and the Comparative Negligence Act N.J.S.A. 2A:15-5.1 et seq.

4.     Any and all damages sustained by Plaintiffs were caused by third persons over whom these Defendants had no control.

5.     Plaintiffs' Amended Complaint is barred due to assumption of the risk.

6.     The damages claimed by plaintiffs are the result of intervening or superseding acts of others over which these Defendants had no control.

7.     The injuries alleged by plaintiffs were caused by pre-existing conditions over which these Defendants had no control.

8.     The injuries complained of by plaintiffs are due to idiosyncratic reactions of plaintiff for which these Defendants are not responsible.

9.     Plaintiffs' claims are barred in whole or in part by virtue of the Doctrine of avoidable consequences.

10.    These Defendants hereby reserve the right to move for dismissal of the within action for failure to join indispensable parties.

11.    Any and all damages suffered by Plaintiffs are not causally related to any act or omission chargeable to these Defendants.

12.    Damages recovered on the Amended Complaint are to be reduced by any benefits from collateral sources pursuant to N.J.S.A. 2A:15-97.

13.    Plaintiffs' action constitutes a frivolous claim pursuant to N.J.S.A. 2A:15-59.1.

14.    Plaintiffs' action is subject to dismissal for failure to serve an appropriate Affidavit of Merit within the time required.

15.    Defendants are entitled to the benefit of any and all applicable charitable immunity statutes.

16. Plaintiffs claims are barred by the Torts Claims Act.

17. Plaintiffs' Amended Complaint must be dismissed for lack of jurisdiction and/or venue.

18. These Defendants reserve the right to amend this Answer to assert additional defenses as revealed during and at the completion of investigation and discovery.

WHEREFORE, defendant demands judgment dismissing the Amended Complaint with prejudice and costs of suit.

### DEMAND FOR DAMAGES

Counsel for Plaintiffs is hereby requested to provide the undersigned with a statement of damages within the time limits prescribed by the Rules of Court.

### DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A., 2A:53A-26 et seq., these Defendants demand that Plaintiffs serve an Affidavit of Merit within the applicable time limits.

### CROSS-CLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT

Defendants allege and say:

While denying any liability to Plaintiffs on the Amended Complaint, and on information and belief, asserting that there is no basis for liability as to other Defendants, these Defendants nevertheless assert a claim for contribution from Co-Defendants pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53A and in the alternative contend that in the event that proofs developed in

discovery or at trial establish a basis for liability on the part of any other Defendant and such Defendant or Defendants enter into a settlement agreement, in whole or in part, with Plaintiffs, then these Defendants assert a claim for credit reducing the amount of any judgment in favor of Plaintiffs against these Defendants to reflect the degree of fault allocated to the settling Defendant or Defendants pursuant to the decision in Young v. Latta, 123 N.J. 584 (1991).

### ANSWER TO CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Defendants by way of answer to any cross-claim for contribution and/or indemnification asserted by any Co-Defendants or Third Party Defendant say:

1. Defendants deny each and every allegations of each such cross-claim and deny liability in any way to any Co-Defendant or Third Party Defendant herein.

2. Defendants hereby incorporate by way of reference and assert each and every separate defense which earlier appears in this pleading as a separate defense to the claims of co-defendants herein.

WHEREFORE, Defendants demand that the cross-claims be dismissed with prejudice and without costs.

### DESIGNATION OF TRIAL COUNSEL

Sean P. Buckley is designated as Trial Counsel.

### JURY DEMAND

Defendants demand trial by jury.

                    BUCKLEY & THEROUX, LLC
                    Attorneys for Defendants,
                    Stephanie Reynolds, D.O.; Trevor Talbert,
                    M.D.; and Emergency Physician Associates
                    of North Jersey, P.C.


BY:` /s/ George H. Cortelyou, Esq.
      George H. Cortelyou, Esq.

Dated:  October 10, 2008