**ORLOVSKY, MOODY, SCHAAFF & GABRYSIAK**
*A Partnership Including a Professional Corporation*
*Monmouth Park Corporate Center*
*187 Highway 36*
*West Long Branch, NJ  07764*
*732-222-6200*
*Attorneys for Defendant(s):* Parker Family Health Center
*Our File No. PMG 107/M*

| | |
|---|---|
| INES LOMANDO, as Administratrix Ad Prosequendum of the Estate of LAURA LOMANDO<br><br>Plaintiff(s)<br><br>v.<br><br>ZAVEN AYANIAN, MD/ DIANA HELMER, MD/ STEPHANIE REYNOLDS, MD/ TREVOR TALBERT, MD/ DAVID HYPPOLITE, MD/ PARKER FAMILY HEALTH CENTER/ EMERGENCY PHYSICIAN ASSOCIATES OF NORTH JERSEY, PC, et als.<br><br>Defendant(s). | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY VICINAGE OF TRENTON<br><br>*Civil Action Number: 3:08-CV-04177-FLW-TJB*<br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, SEPERATE DEFENSES, DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND** |

Defendant, Parker Family Health Center, by way of Answer to the Amended Complaint, states:

### FIRST COUNT

1. Defendant lacks sufficient information to form a belief regarding the truth of the allegations set forth in Paragraph One, as they call for a legal conclusion, and therefore, leaves plaintiff to her proofs. This defendant reserves the right to challenge the jurisdictional claim as asserted by plaintiff.

2-5. This defendant neither admits nor denies the allegations set forth in this paragraph, but leaves plaintiff to her proofs.

6-7. This defendant neither admits nor denies the allegations as set forth in this paragraph as such allegations do not pertain to this defendant.

8-10.   This defendant neither admits nor denies the allegations as set forth in this paragraph, but leaves plaintiff to her proofs.

11-12.  This defendant neither admits nor denies the allegations as set forth in this paragraph as such allegations do not pertain to this defendant.

13-16.  This defendant neither admits nor denies the allegations as set forth in this paragraph, but leaves plaintiff to her proofs.

17-25.  This defendant neither admits nor denies the allegations as set forth in this paragraph as such allegations do not pertain to this defendant.

26.  This defendant neither admits nor denies the allegations as set forth in this paragraph, but leaves plaintiff to her proofs.

27.  This defendant neither admits nor denies the allegations as set forth in this paragraph as such allegations do not pertain to this defendant.

28.  This defendant neither admits nor denies the allegations as set forth in this paragraph, but leaves plaintiff to her proofs.

*WHEREFORE*, defendant demands judgment against plaintiff dismissing the Amended Complaint together with interest, cost of suit and attorney's fees.

## SECOND COUNT

1.  Defendant repeats each and every answer to each and every allegation contained in the previous paragraphs of the Amended Complaint as if set forth in at length herein.

2-3.  This defendant denies the allegations as set forth in these paragraphs.

*WHEREFORE*, defendant demands judgment against plaintiff dismissing the Amended Complaint together with interest, cost of suit and attorney's fees.

## THIRD COUNT

1.  Defendant repeats each and every answer to each and every allegation contained in the previous paragraphs of the Complaint as if set forth in at length herein.

2.  This defendant neither admits nor denies the allegations as set forth in this paragraph, but leaves plaintiff to her proofs.

3.  This defendant denies the allegations as set forth in this paragraph.

4-6.  This defendant neither admits nor denies the allegations as set forth in this paragraph, but leaves plaintiff to her proofs.

WHEREFORE, defendant demands judgment against plaintiff dismissing the Amended Complaint together with interest, cost of suit and attorney's fees.

### SEPARATE DEFENSES

1. At the time and place mentioned in the Amended Complaint, plaintiff was guilty of contributory negligence.
2. The incident and damages alleged in the Amended Complaint were due to the negligence of others over whom this defendant, Parker Family Health Center, had no control.
3. This claim is subject to the limitation as provided by N.J.S.A. 2A:53 A-8 inasmuch as defendant, Parker Family Health Center, is a charitable institution.
4. This defendant asserts they are a non profit and subject to charitable immunity by law.
5. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.
6. Plaintiffs are barred from recovery by operation of the subject statute of limitations.
7. Plaintiff's claims are barred or, in the alternative, the damages to which plaintiffs are entitled must be reduced under the doctrine of comparative negligence and the Comparative Negligence Act N.J.S.A. 2A:15-5.1 et seq.
8. Plaintiff's Amended Complaint is barred due to assumption of the risk.
9. The damages claimed by plaintiffs are the result of intervening or superseding acts of others over which this defendant had no control.
10. The injuries alleged by plaintiffs were caused by pre-existing conditions over which this defendant had no control.
11. This defendant hereby reserves the firth to move for dismissal of the within action for failure to join indispensable parties.
12. Any and all damages suffered by plaintiffs are not casually related to any act or omission chargeable to this defendant.
13. Damages recovered on the Amended Complaint are to be reduced by any benefits from collateral sources pursuant to N.J.S.A. 2A:15-97.

14. Plaintiff's action is subject to dismissal for failure to serve an appropriate Affidavit of Merit within the time required.

15. Plaintiff's claims are barred by the Torts Claim Act.

16. Plaintiff's Amended Complaint must be dismissed for lack of jurisdiction and/or venue.

17. This defendant reserves the right to amend this Answer to assert additional defense as revealed during and at the completion of investigation and discovery.

WHEREFORE, defendant demands judgment against plaintiff dismissing the Amended Complaint together with interest, cost of suit and attorney's fees.

### DEMAND FOR DAMAGES

Counsel for plaintiffs is hereby requested to provide the undersigned with a statement of damages within the time limits prescribed by the Rules of Court.

### DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A: 53A-26 et seq., this defendant demands that plaintiffs serve an Affidavit of Merit within the applicable time limits.

### CROSS-CLAIM FOR CONTRIBUTION AND/OR SETTLEMENT CREDIT

Defendant, Parker Family Health Center, alleges and says:

While denying all liability to plaintiffs on the Amended Complaint, and on information and belief, asserting that there is no basis for liability as to the other defendants as well, this defendants never the less assert a claim for contribution from co-defendants pursuant to N.J.S.A. 2A:5-5.3 and N.J.S.A. 2A: 53A and in the alternative, contend that in the event that proofs developed in discovery or trial establish a basis for liability on the part of any other defendant and such defendant or defendants enter into a settlement agreement, in whole or in part, with plaintiff, then these defendants assert a claim for credit reducing the amount of any judgment in favor of plaintiff against this defendant to reflect the degree of fault allocated to the settling defendant or defendants pursuant to the decision in Young v. Latta, 123 N.J, 584 (1991).

## ANSWER TO CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Defendant, Parker Family Health Center, by way of answer to crossclaim for contribution and/or indemnification asserted by any co-defendant or third-party defendants say:

1. Defendant denies each and every allegation of each such cross-claim and denies liability in any way to any co-defendant or third-party defendant herein.

2. This defendant hereby incorporates by way of reference an assert each and every separate defense which earlier appears in these pleadings as a separate defense to the claims of co-defendants herein.

*WHEREFORE*, defendant demands judgment against plaintiff dismissing the Amended Complaint together with interest, cost of suit and attorney's fees.

## DESIGNATION OF TRIAL COUNSEL

James H. Moody is designated as trial counsel.

## DEMAND FOR TRIAL BY JURY

This defendant hereby demands a trial by jury as to all issues.

## CERTIFICATION

Pursuant to Rule 4:5-1 upon belief, and based upon information known to the undersigned at the time of the filing of this pleading, it appears that there are not other actions or arbitration's related to this suit which are pending with the exception of any Appeal related to the denial of Certification to the New Jersey Supreme Court.

I hereby certify that the within Answer has been filed with the Clerk of the U.S. District Court for the District of New Jersey and that clear copies have been forwarded to all counsel of record.

ORLOVSKY, MOODY & SCHAAFF, P.C.<br>
Attorney(s) for Defendant, Parker Family Health Center<br><br>
By: _____<br>
JAMES H. MOODY

Dated: November 5, 2008