**RONAN, TUZZIO & GIANNONE**
4000 ROUTE 66
One Hovchild Plaza
Tinton Falls, NJ 07753
(732) 922-3300
Attorneys for Defendant, RIVERVIEW MEDICAL CENTER
Our File No. 155.8224 MANW/HPB
Henry P. Butehorn - (7147 HPB)



RECEIVED
DEC 15 2008
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INES LOMANDO, as Administratrix Ad Prosequendum of the Estate of LAURA LOMANDO, deceased,<br><br>Plaintiff(s)<br>vs.<br><br>THE UNITED STATES OF AMERICA, STEPHANIE REYNOLDS, M.D., TREVOR TALBERT, M.D., DAVID HYPPOLITE, M.D., PARKER FAMILY HEALTH CENTER, RIVERVIEW MEDICAL CENTER, EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC, JOHN DOE #1 through #5, MARY MOE #1 through #5 (fictitious names representing unknown physicians, nurses, technicians, medical groups, medical facilities and/or other medical providers who participated in the medical care of the plaintiff)m, jointly, severally and in the alternative,<br><br>Defendant(s) | CIVIL CASE NO.: 3:08-CV-04177-FLW-TJB<br><br><br>ANSWER, CROSSCLAIM, SEPARATE DEFENSES, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, TRIAL DESIGNATION AND |

Defendant, **RIVERVIEW MEDICAL CENTER**, by way of Answer to Complaint, says:

## ANSWER TO FIRST COUNT

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs One and Two of this Count of the

Complaint and leaves plaintiffs to their proofs.

2. - 5. The allegations contained in Paragraphs Two through Five of this Count of the Complaint do not pertain to this defendant and as a result it makes no answer thereto.

6. - 7. Inasmuch as the allegations of Paragraphs Six and Seven do not state a claim for relief against it, it makes no answer thereto, but insofar as they may be intended or purport to set forth a claim for relief against it, they are denied.

8. - 9. The allegations contained in Paragraphs Eight and Nine of this Count of the Complaint do not pertain to this defendant and as a result it makes no answer thereto.

10. - 13. Inasmuch as the allegations of Paragraphs Ten through Thirteen do not state a claim for relief against it, it makes no answer thereto, but insofar as they may be intended or purport to set forth a claim for relief against it, they are denied.

14. - 16. The allegations contained in Paragraphs Fourteen through Sixteen of this Count of the Complaint do not pertain to this defendant and as a result it makes no answer thereto.

17. Defendant admits that it is a non-profit corporation organized exclusively for hospital purposes and, as such, is entitled to the statutory limitation of liability.

18. - 21. Inasmuch as the allegations of Paragraphs Eighteen through Twenty One do not state a claim for relief against it, it makes no answer thereto, but insofar as they may be intended or purport to set forth a claim for relief against it, they are denied.

22. - 25. The allegations contained in Paragraphs Twenty Two through Twenty Five of this Count of the Complaint do not pertain to this defendant and as a result it

makes no answer thereto.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty Six of this Count of the Complaint and leaves plaintiff to her proofs.

27. - 28. Inasmuch as the allegations of Paragraphs Twenty Seven and Twenty Eight do not state a claim for relief against it, it makes no answer thereto, but insofar as they may be intended or purport to set forth a claim for relief against it, they are denied.

WHEREFORE, defendant demands Judgment dismissing the Complaint herein, together with legal fees and costs of suit.

## ANSWER TO SECOND COUNT

1. Defendant repeats the answers to the allegations of the prior Counts of the Complaint and makes them a part hereof as though set forth at length herein.

2. - 3. Insofar as the allegations contained in Paragraphs Two and Three of this Count of the Complaint do not pertain to this defendant, it makes no answer thereto. Insofar as the allegations contained in Paragraphs Two and Three of this Count of the Complaint pertain to this defendant, same are denied.

WHEREFORE, defendant demands Judgment dismissing the Complaint herein, together with legal fees and costs of suit.

## ANSWER TO THIRD COUNT

1. Defendant repeats the answers to the allegations of the prior Counts of the Complaint and makes them a part hereof as though set forth at length herein.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two of this Count of the Complaint

and leaves plaintiffs to their proofs.

3. Insofar as the allegations contained in Paragraph Three of this Count of the Complaint do not pertain to this defendant, it makes no answer thereto. Insofar as the allegations contained in Paragraph Three of this Count of the Complaint pertain to this defendant, same are denied.

4. - 5. . Inasmuch as the allegations of Paragraphs Four and Five do not state a claim for relief against it, it makes no answer thereto, but insofar as they may be intended or purport to set forth a claim for relief against it, they are denied.

6. The allegations contained in Paragraph Six of this Count of the Complaint do not pertain to this defendant and as a result it makes no answer thereto.

WHEREFORE, defendant demands Judgment dismissing the Complaint herein, together with legal fees and costs of suit.

## CROSSCLAIM

Defendant, **RIVERVIEW MEDICAL CENTER**, by way of Crossclaim against co-defendants, says:

While denying it is in any way obligated or liable under the claims for relief asserted against it, this defendant alleges that:

a. Any obligation imposed upon it to respond in damages could only be as a result of operation of law based upon liability, technical, imputed or implied, whereas the actual fault or negligence was on the part of the party or parties against whom this claim is asserted.

b. Any obligation of this defendant to respond in damages is based upon an alleged breach of contract, where the causative act or failure to act was that of the party

or parties against whom this claim is asserted.

c. The party or parties against whom this claim is asserted are obligated under the terms and provisions of the New Jersey, the Comparative Negligence Act (N.J.S.A. 2A:15-5.1 et.seq., and/or The New Jersey Tort Claims Act (N.J.S.A. 59:1 et.seq.), Tortfeasors Contribution Act (N.J.S.A 2A:53A, et seq.) for their pro rata share of any judgment.

d. This defendant is entitled to a determination of the percentage shares of responsibility of all tortfeasors, whose fault contributed to the claimed injuries and property damage, as the obligation, if any, of this defendant to respond in damages should not exceed its percentage share.

e. Arising out of the relationship between the parties is a contractual obligation entitling this defendant indemnification from the party or parties against whom this claim is asserted.

WHEREFORE, defendant demands judgment or restitution, indemnity, contribution or apportionment of responsibility from the party or parties against whom this claim is asserted.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

There is a lack of in personam jurisdiction over this party because there is insufficiency of process and insufficiency of service of process. The exercise of such jurisdiction over this party is therefore in violation of this party's rights under the Constitutions of the State of New Jersey and the United States of America and this party reserves the right to move for dismissal of the pleading.

## SECOND SEPARATE DEFENSE

The court lacks jurisdiction over the subject matter of this action and this party reserves the right to move for dismissal of the pleading.

## THIRD SEPARATE DEFENSE

The affirmative pleading herein fails to state a claim upon which relief may be granted and this party reserves the right to move at or before the time of trial to dismiss same.

## FOURTH SEPARATE DEFENSE

The claimant(s) has failed to join a necessary or indispensable party without whom this action cannot proceed.

## FIFTH SEPARATE DEFENSE

The affirmative pleading fails to state a claim upon which relief can be granted, the court lacks jurisdiction over the subject matter of this action, and the claimant(s) is barred from recovery as a matter of law because the alleged claim was not made and perfected in the manner and within the time provided and required by the law, statute, regulation or contract upon which it is predicated.

## SIXTH SEPARATE DEFENSE

The claim of the claimant cannot be superior to that of his assignor and since the assignor's claim is barred, the claimant's claim is also barred.

## SEVENTH SEPARATE DEFENSE

The claim of the claimant(s) is barred as a matter of law because of the doctrine of collateral estoppel.

## EIGHTH SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant(s), and accordingly, the claimant's claim is barred as a matter of law.

## NINTH SEPARATE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom this party had no control.

## TENTH SEPARATE DEFENSE

The damages of the claimant(s), if any, are as limited by the applicable laws of the State of New Jersey with respect to comparative negligence.

## ELEVENTH SEPARATE DEFENSE

This party is a non-profit corporation, society or association organized exclusively for hospital purposes within the contemplation of N.J.S. 2A:53A-7, et seq. and 2A:53A-8, et seq. or trustees, directors, officers or volunteers of such organization, and as such its responsibility in damages is limited by said statutes.

## TWELFTH SEPARATE DEFENSE

This party is a non-profit corporation, society or association, or trustees, directors, officers, volunteers, agents, servants or employees of a non-profit corporation, society or association within the contemplation of N.J.S. 2A:53A-7 et seq., and as such is immune from liability to the claimant(s).

### THIRTEENTH SEPARATE DEFENSE

The damages of the claimant are limited by the doctrine of avoidable consequences.

### FOURTEENTH SEPARATE DEFENSE

The claimant does not have sufficient relationship with the injured party to sustain an action for emotional distress and the claim is barred as a matter of law.

### FIFTEENTH SEPARATE DEFENSE

The damages alleged were the result of unforeseeable intervening acts of an agency independent of this party which bars claimant's cause of action.

### SIXTEENTH SEPARATE DEFENSE

This defendant asserts that any and all action were made in accordance with accepted medical standards.

### SEVENTEENTH SEPARATE DEFENSE

This defendant asserts that there was no deviation from accepted medical standards.

### REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5©)

If any co-defendant settles prior to trial, these defendants will seek an allocation of the percentage of negligence by the fact finder against the settling defendant. We will seek this allocation, whether or not we have formally filed a cross-claim against the settling defendant. We will rely upon the examination and cross-examination of plaintiff's expert witnesses and any and all other witnesses at the time of trial, in support of this allocation. You are being appraised of this pursuant to Rule 4:7-5©) and Young v. Latta, 123 N.J. 584

(1991).

## DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE, that pursuant to Rule 4:5-2, the party filing this answer requires that you, within five days, furnish it with a statement of damages claimed.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE, that defendant demands a trial of the issues by a jury of six persons.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that, pursuant to R. 4:25-4, **MARYANN NOBILE WILDEROTTER, ESQ.**, is hereby designated trial counsel for defendant, **RIVERVIEW MEDICAL CENTER.**

## CERTIFICATION

I hereby certify that a copy of the within document has been filed with the Clerk of the captioned Court and that a copy of same was served upon all interested attorneys, within the time allowed by the Rules of Court.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. The matter in controversy is the subject of a pending action or arbitration as follows: NONE KNOWN

2. Contemplation of another action or arbitration proceeding is contemplated as follows: NONE KNOWN

3. The following parties listed should be joined in this action: NONE KNOWN

4. I CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                Ronan, Tuzzio & Giannone
                Attorneys for Defendant,
                **RIVERVIEW MEDICAL CENTER**

By: _____
      JAMES M. RONAN, JR.

Dated:    December 10, 2008

## CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6©, if information above the black bar is not completed or if attorney's signature is not affixed.

**For Use By Clerk's Office Only**
Payment Type: CK    CG    CA
CHG/CK NO.:
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| Attorney/Pro Se Name | Telephone No. | County of Venue |
|---|---|---|
| James M. Ronan, Jr. Esq. | 732-922-3300 | District Court-FLW-TJB |

| Firm Name (if applicable) | Docket No. (when available) |
|---|---|
| Ronan, Tuzzio & Giannone | 3:08-CV-04177 |

| Office Address | Document Type |
|---|---|
| One Hovchild Plaza, 4000 Route 66, Tinton Falls, N.J. 07753 | ANSWER |
| | Jury Demand: __X__ Yes  ____ No |

| Name of Party (eg. John Doe, Plaintiff) | Caption |
|---|---|
| Riverview Medical Center, Deft. | Lomando vs. RMC, et als |

| Case Type Number | Is This a Professional Malpractice Case: __Yes  X__No. |
|---|---|
| 604 | If you have checked "Yes" See N.J.S.A. 2A:53A-27 and applicable Case Law Regarding Your Obligation to File an Affidavit of Merit. |

Names of Defendant's Primary Insurance Company, if known
____ None    ____ Unknown

| Related Cases Pending? ____ Yes  _x_ No | If Yes, list Docket Numbers |
|---|---|

Do You Anticipate Adding Any Parties (arising out the same transaction or occurrence)?    ____ Yes  ____ No    **Unknown At This Time**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

Case Characteristics For Purposes of Determining If Case Is Appropriate for Mediation

A. Do Parties Have a Current Or Past or Recurrent Relationship?
If Yes, is that Relationship:  ____Employer-Employee  ____Friend/Neighbor ____ Other(explain)
____ Yes   ____ No **Unknown at This Time**    ____ Familial    ____ Business

B. Does The Statute Governing This Case Provide For payment Of Fees By the Losing Party?   **Unknown at This Time**   ____ Yes ____ No

Use This Space To Alert The Court To Any Special Case Characteristics That May Warrant Individual Management or Accelerated Disposition:

Do You or Your Client Have Any Needs Under The Americans With Disabilities Act? ____ Yes  _X_ No   If Yes, Please Identify:_____

Will An Interpreter Be Needed:  ____ Yes  _X_ No    If Yes, Please Identify:_____

Attorney Signature: _/s/_