RALPH J. MARRA, JR.
Acting United States Attorney
Karen H. Shelton
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608
(609) 989-0562
Karen.Shelton@usdoj.gov
Attorney for Defendant/Cross Claimant
United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INES LOMANDO, et al., | : | HON. FREDA L. WOLFSON |
| Plaintiff, | : | Civil Action No. 08-4177 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT UNITED STATES OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES, CROSS CLAIMS AND ANSWER TO CROSS CLAIMS**

Defendant, United States of America, hereby answers Plaintiff's complaint as follows:

**First Count**

1.  The allegations in paragraph 1 constitute legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

2.  Defendant United States admits that Dr. Ayanian and Dr. Helmer were volunteer physicians at the Parker Family Health Center at all times relevant to the complaint.  The remaining

allegations of paragraph 2 are denied.

    3.   Upon current information and belief, Defendant United States admits that Dr. Ayanian and Dr. Helmer were volunteer physicians at Parker Family Health Center covered by the FTCA at all times relevant to the complaint.  The remaining allegations of paragraph 3 are denied.

    4.   Defendant United States admits the allegations in paragraph 4.

    5.   Defendant United States admits the allegations in paragraph 5.

    6.   The allegations of paragraph 6 are directed to Defendants other than the United States, its agents or employees; Defendant United States has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

    7.   The allegations of paragraph 7 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

    8.   Defendant United States admits that Laura Lomando was seen at the Parker Family Health Center on September 9, 2006 for complaints of swollen glands and fatigue.  The remaining allegations of paragraph 8 are denied.

9.   Defendant United States admits that Laura Lomando was seen at the Parker Family Health Center on September 11, 2006 for complaints of swollen glands and fatigue. The remaining allegations of paragraph 9 are denied.

10.  Defendant United States admits that on September 12, 2008, Laura Lomando was informed that a biopsy was scheduled to be taken on September 25, 2006 at the Riverview Medical Center. Defendant denies the remaining allegations of paragraph 10.

11.  The allegations of paragraph 11 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

12.  The allegations of paragraph 12 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

13.  Defendant United States admits the allegations of paragraph 13.

14.  Defendant United States admits only that Dr. Ayanian is licensed in Medicine in the State of New Jersey.  The remaining allegations of paragraph 14 constitute conclusions of law to which no response is required; to the extent a response is deemed

required, Defendant denies the allegations.

    15.  Defendant United States admits only that Dr. Helmer is licensed in Internal Medicine in the State of New Jersey.  The remaining allegations of paragraph 15 constitute conclusions of law to which no response is required; to the extent a response is deemed required, Defendant denies the allegations.

    16.  The allegations of paragraph 16 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

    17.  The allegations of paragraph 17 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

    18.  The allegations of paragraph 18 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

    19.  The allegations of paragraph 19 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to

form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

20. The allegations of paragraph 20 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

21. The allegations of paragraph 21 are directed to Defendants other than the United States, its agents or employees; Defendant United States therefore has insufficient information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

22. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies the allegations.

23. Defendant United States denies the allegations of paragraph 23.

24. Defendant United States denies the allegations of paragraph 24.

25. Defendant United States denies the allegations of paragraph 25.

26. Defendant United States admits only that Plaintiff submitted an administrative tort claim to the U.S. Department of Health and Human Services (HHS) on February 13, 2008 and that HHS

had not made a final determination of the claim by the date of filing of this complaint.  The remaining allegations in paragraph 26 amount to a legal conclusion to which no response is required; to the extent a response is deemed required, the allegations are denied.

27.  Defendant United States denies the allegations of paragraph 27.

28.  The allegations of paragraph 28 constitute legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.

## Second Count

1.  Defendant United States incorporates by reference the above answers to paragraphs 1 through 28 of the First Count of the complaint as though they were fully set forth herein.

2.  Defendant United States denies the allegations of paragraph 2.

3.  Defendant United States denies the allegations of paragraph 3.

## Third Count

1.  Defendant United States incorporates by reference the above answers to paragraphs 1 through 28 of the First Count of the complaint and the answers to paragraphs 1 through 3 of the Second Count of the complaint as though they were fully set forth herein.

2.   Defendant United States admits only that upon information and belief, Plaintiff Ines Lomando was appointed Administratrix Ad Prosequendum of the Estate of Laura Lomando on September 12, 2007.  Defendant United States is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2 and on that basis denies them.

3.   Defendant United States denies the allegations in paragraph 3.

4.   Defendant United States admits the allegations in paragraph 4.

5.   Defendant United States denies the allegations in paragraph 5.

6.   The allegations in paragraph 6 constitute legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

The paragraph beginning with WHEREFORE constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, the allegations are denied.

### AFFIRMATIVE DEFENSES

Separately and affirmatively, Defendant United States alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of the claims

and Defendants named in Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant United States, through its employees, agents, and servants, acted at all relevant times with due care and diligence and therefore the United States could not have breached any actionable duty owed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

In the event that Defendant United States is found negligent, which negligence Defendant denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

In the event that Defendant United States is found negligent, which negligence Defendant United States denies, then the acts or omissions of Plaintiff or other third parties contributed to the injuries and damages of which Plaintiff complains, and Defendant United States is not liable therefor.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2678, payment of attorneys fees to Plaintiff is limited for this tort claim.

### SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), Plaintiff is limited to the $5 million in damages than she demanded in her administrative tort claim.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Defendant United States is not liable for interest prior to judgment or for punitive or special damages.

### NINTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2402, Plaintiff has no right to a jury trial in a personal injury action against the United States.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 14504, in the event that Defendant United States is found negligent, which negligence Defendant United States specifically denies, then Defendant United States is liable only for those non-economic damages allocated to the volunteer(s) covered by the FTCA in direct proportion to the percentage of responsibility attributed to the volunteer(s) by the court.

### ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. 233(k), any recovery by Plaintiff is subject to the availability of appropriated funds.

### TWELFTH AFFIRMATIVE DEFENSE

The substantive law applicable to this case is that of New

Jersey; thus, all damages sought must be allowed under New Jersey law and the United States is liable only to the extent that an individual is liable under New Jersey common law and the United States cannot be held liable on a theory of corporate liability.

### CROSS CLAIM OF DEFENDANT UNITED STATES

Without admitting any liability for the injuries, damages and losses alleged in the amended complaint (which liability is specifically denied), Defendant United States asserts that should liability be assessed against it, that Defendant United States is entitled to and hereby demands and claims contribution and indemnification from any and all of the other defendants in this action pursuant to New Jersey's Tortfeasor's Contribution Law, N.J.S.A. 2A: 53A-1 and the New Jersey Comparative Negligence Act, N.J.S.A. 2A: 15-1.5 et seq. And common law.

### ANSWER TO CROSS CLAIMS FOR CONTRIBUTION BY OTHER DEFENDANTS

The cross-claims for contribution and/or indemnity by Defendants Reynolds, Talbert, Emergency Physicians Association, Parker Family Health Center and Riverview Medical Center are written as a conclusions of law or as a requests for relief, rather than as a statements of fact.  As such, no response is required.  To the extent that facts may be deemed to have been alleged therein, Defendant United States denies each and every allegation contained in their pleadings.

**FIRST AFFIRMATIVE DEFENSE TO CROSS CLAIMS**

The Court lacks subject matter jurisdiction to entertain the cross claims by other Defendants.

**SECOND AFFIRMATIVE DEFENSE TO CROSS CLAIMS**

Plaintiff's injuries were caused solely by the negligence of the other Defendants and/or third parties over whom the United States had no control.

**THIRD AFFIRMATIVE DEFENSE TO CROSS CLAIMS**

Plaintiff's injuries were sustained without any negligence, fault or want of care on the part of the United States, its agents or employees.

**FOURTH AFFIRMATIVE DEFENSE TO CROSS CLAIMS**

Other Defendants, like Plaintiff, are not entitled to a trial by jury on their cross-claims against the United States pursuant to 28 U.S.C. §2402.

///

**WHEREFORE**, Defendant/Cross Claimant, United States of America, respectfully requests that Plaintiff take nothing by way of this complaint, that the Court enter judgment in favor of the United States and that the United States be awarded costs, attorneys fees and any other appropriate relief from the Court.

Respectfully Submitted,

RALPH J. MARRA, JR.
Acting United States Attorney

/s/  Karen H. Shelton

Karen H. Shelton
Assistant United States Attorney