MARTIN J. McGREEVY L.L.C.
Martin J. McGreevy Esq.
1 Industrial Way West
West Ridge, Building A
Eatontown NJ 07724
732-542-0084 FAX 732-542-4070
Attorneys for Defendant David Hyppolite M.D.

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

Civil Action 3:08-CV-04177-FLW-THB

INES LOMANDO, As Administratrix
ad Prosequendum of the Estate of
LAURA LOMANDO, deceased,

    Plaintiff

v

THE UNITED STATES OF AMERICA;
STEPHANIE REYNOLDS, MD;
TREVOR TALBERT MD;
DAVID HYPPOLITE MD;
PARKER FAMILY HEATH CENTER;
RIVERVIEW MEDICAL CENTER;
EMERGENCY PHYSICIAN ASSOCIATES
OF NORTH JERSEY PC; JOHN DOE
1-5; MARY MOE 1-5; XYZ
CORPORATION 1-5; fictitious
names representing unknown
physicians, nurses, technicians,
medical groups, medical facilities,
and/other medical providers who
participated in the medical care of
the plaintiff, jointly, severally
and in the alternative,

    Defendants

**ANSWER TO AMENDED COMPLAINT**

The Defendant David Hyppolite M.D. through his attorneys by way of Answer to the Amended Complaint filed herein says:

**FIRST COUNT**

1. - 11. Paragraphs 1 through 11 relate to co-defendants and are therefore not answered by this defendant. Insofar as these paragraphs contained any allegations against this defendant, they are denied.

12. It is admitted only that plaintiff's decedent was a patient.

13. This paragraph is admitted.

14. - 19. Paragraphs 14 through 19 relate to codefendants and are therefore not answered by this defendant. Insofar as these paragraphs contained any allegations against this defendant, they are denied.

20. At all times this defendant was a licensed, practicing physician of the State of New Jersey specializing in internal medicine.

21. This paragraph relates to a co-defendant and is therefore not answered by this defendant. Insofar as this paragraph contains any allegations against this defendant, they are denied.

22. This paragraph relates to a co-defendant and is therefore not answered by this defendant. Insofar as this paragraph contains any allegations against this defendant, they are denied.

23. This paragraph is denied as to this defendant.

24. This paragraph is denied as stated.

25. This paragraph is denied.

Martin J. McGreevy
1 Industrial Way
West Ridge Bldg A
Eatontown 07724
732-542-0084

26. This paragraph relates to a co-defendant and is therefore not answered by this defendant. Insofar as this paragraph contains any allegations against this defendant, they are denied.

27. This paragraph relates to a co-defendant and is therefore not answered by this defendant. Insofar as this paragraph contains any allegations against this defendant, they are denied.

28. This defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and leaves plaintiffs to their proofs.

WHEREFORE, defendant demands judgment against plaintiffs dismissing the Complaint together with interest, costs of suit and attorneys' fees.

### SECOND COUNT

1. This defendant repeats each and every answer to the allegations contained in the First Count with the same force and effect as if set forth at length herein.

2. This paragraph is denied as to this defendant.

3. This paragraph is denied as to this defendant.

WHEREFORE, defendant demands judgment against plaintiffs dismissing the Complaint together with interest, costs of suit and attorneys' fees.

Martin J. McGreevy
1 Industrial Way
West Ridge Bldg A
Eatontown 07724
732-542-0084

## THIRD COUNT

1. This defendant repeats each and every answer to the allegations contained in the First Count with the same force and effect as if set forth at length herein.

2. This defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and leaves plaintiffs to their proofs.

3. This paragraph is denied.

4. This defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and leaves plaintiffs to their proofs

5. This paragraph is denied as to this defendant.

6. Insofar as this Paragraph makes any allegations or statements or claims against this defendant they are denied in their entirety.

WHEREFORE, defendant demands judgment against plaintiffs dismissing the Complaint together with interest, costs of suit and attorneys' fees.

1. Defendants allege in their care and treatment of the plaintiff they used that degree of care and skill which is ordinarily and customarily used by other members of the profession.

2. Plaintiff has failed to state a claim upon which relief can be

Martin J. McGreevy
1 Industrial Way
West Ridge Bldg A
Eatontown 07724
732-542-0084

granted.

3. Plaintiff's claims are barred by the Statute of Limitations.

4. Any alleged injuries sustained by the plaintiff were occasioned as a result of an act of a third party or parties over whom these defendants had no control.

5. Plaintiff's claims are barred by the provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5 et seq.

6. Defendants were not guilty of negligence.

7. The claims against this defendant are barred by the Entire Controversy Doctrine as embodied in R. 4:30A and decisional authority.

8. Plaintiff's claims are either barred by, or the damages claimed by plaintiffs must be apportioned in accordance with the doctrine of avoidable consequences. This separate defense includes plaintiff's failure to avoid consequences either because of negligence or failure to mitigate damages.

9. Claims against this defendant are required to be supported by an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27 et seq. and plaintiff's failure to comply with said statutory requirement will constitute a failure to state a claim upon which relief can be granted, thus subjecting the compliant to be dismissed

10. This defendant denies any wanton, wilful, intentional or reckless

Martin J. McGreevy
1 Industrial Way
West Ridge Bldg A
Eatontown 07724
732-542-0084

activity which would warrant the award of punitive damages.

11. Plaintiff's claim for punitive damages violates the United States and New Jersey Constitutions.

12. Plaintiff's claim for punitive damages is barred or limited by the provisions of the Punitive Damage Act, *N.J.S.A. 2A:15-0 et seq*.

## CROSSCLAIM FOR CONTRIBUTION

While denying any liability to plaintiffs on the Complaint, and on information an belief, asserting that there is no basis for liability as to the other defendants, this defendant nevertheless asserts a claim for contribution from co-defendants pursuant to <u>N.J.S.A</u>. 2A:15-5.3 and <u>N.J.S.A</u>. 2A:53A and in the alternative contends that in the event that proofs developed in discovery or at trial establish a basis for liability on the part of any other defendant and such defendant or defendants enter into a settlement agreement, in whole or in part, with plaintiffs, then this defendant asserts a claim for credit reducing the amount of any judgment in favor of plaintiff against this defendant to reflect the degree of fault allocated to the settlement defendant or defendants pursuant to the decision in <u>Young v. Latta</u>, 123 N.J. 584 (1991).

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiffs for the accident, injuries or damages alleged, if judgment is recovered against this defendant, it is hereby asserted that its negligence was not morally culpable but was merely Constructive, technical, imputed, or vicarious and that the plaintiff's accident,

injuries and damages arose through the direct and primary negligence of the co-defendants; and, as such, this defendant demands judgment seeking indemnification from said co-defendants for all such sums as may be found due against this defendant.

## ANSWER TO CROSSCLAIMS

This defendant denies each and every allegation contained in any and all crossclaims and/or counterclaims asserted against this defendant or to be asserted against this defendant.

## REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5c

If any co-defendant settles prior to trial, this defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendant. We will seek this allocation, whether or not we have formally filed a cross-claim against the settling defendant. We will rely upon the examination and cross-examination of plaintiffs' expert witnesses and any and all other witnesses at the time of trial in support of this allocation. You are being appraised of this pursuant to Rule 4:7-5c and Young v. Latta, 123 N.J. 584 (1991)

## DEMAND FOR JURY TRIAL

These defendants hereby demand a trial by jury on all issues of the within cause of action.

## CERTIFICATION

IT IS HEREBY CERTIFIED that the within pleading was filed and served

within time pursuant to the Rules.

### DESIGNATION OF TRIAL COUNSEL

PURSUANT TO **RULE 4:25-4** Martin J. McGreevy, Esq. is designated trial counsel in the above matter on behalf of the defendant David Hyppolite M.D.

### CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to **Rule 4:5-1** the undersigned hereby certifies to the best of his knowledge and belief that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. There is no other action or arbitration proceeding contemplated. There are no other parties who should be joined in the matter in controversy.

_____
MARTIN J. MC GREEVY
6912

DATED: January 16, 2009

Martin J. McGreevy
1 Industrial Way
West Ridge Bldg A
Eatontown 07724
732-542-0084