P-588
Anthony A. Lenza, Jr., Esq.
Law Office of Carl M. Erman, Esq.
618 Newark Avenue
Elizabeth, NJ 07028
alenza@amabile-erman.com
(908) 282-0505
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

------------------------------------X
INES LOMANDO, as Administratrix Ad
Prosequendum of the Estate of            CIVIL NO. 3:08-CV-04177-FLW-TJB
LAURA LOMANDO, deceased,

              Plaintiff,                  Hon. Freda L. Wolfson

   -against-

THE UNITED STATES OF AMERICA,
STEPHANIE REYNOLDS, M.D., TREVOR
TALBERT, M.D., DAVID HYPPOLITE,
M.D., PARKER FAMILY HEALTH CENTER,
RIVERVIEW MEDICAL CENTER, EMERGENCY
PHYSICIAN ASSOCIATES NORTH JERSEY, PC,
JOHN DOE #1 through #5, MARY MOE #1 through
#5, and XYZ CORPORATION #1 through
#5 (fictitious names representing
unknown physicians, nurses,
technicians, medical groups, medical
facilities and/or other medical
providers who participated in the
medical care of the plaintiff) jointly,
severally and in the alternative,

              Defendants.
------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
RIVERVIEW MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT**

PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to defendant

RIVERVIEW MEDICAL CENTER's motion for summary judgment.

## ARGUMENT

### A DECISION ON SUMMARY JUDGMENT SHOULD BE POSTPONED UNTIL AFTER DEFENDANTS' EXPERTS ARE DEPOSED

To avoid prejudice to plaintiff at the time of trial, plaintiff requests that a decision on the hospital's motion be postponed until after defendants' experts are deposed. Since expert discovery is not complete, plaintiff may be faced with a scenario where her claims against the hospital are dismissed but the remaining defendants can be critical of the hospital at trial. Defendants' time to serve expert reports expires on July 31, 2010. All parties have until November 1, 2010 to complete expert depositions. Rule 56(f) allows for a continuance to enable depositions to be taken. In the alternative, should this court grant summary judgment for the hospital, then it is requested that all cross-claims against the hospital be dismissed and the remaining defendants be precluded from criticizing the hospital at trial. It would be unfair and improper to give the remaining defendants an "empty chair" at trial to deflect liability when they failed to oppose the hospital's motion for summary judgment.

## CONCLUSION

Based on the above arguments, it is respectfully requested that defendant RIVERVIEW MEDICAL CENTER's motion be denied in its entirety.

Dated:    June 25, 2010
              Staten Island, New York

                                              CARL M. ERMAN, ESQ.
                                              Attorney for Plaintiff

                                              ANTHONY A. LENZA, JR. (AL2680)
                                              ALENZA@AMABILE-ERMAN.COM

## CERTIFICATION OF SERVICE AND MAILING

On June 25, 2010, ANTHONY A. LENZA, JR., ESQ., the attorney for plaintiff served a copy of the within Declaration in Opposition, Memorandum of Law in Opposition, and Statement of Material Facts by mail addressed to the following:

Martin J. McGreevy, LLC
Attn: Teresa Gierla, Esq.
1 Industrial Way West
West Ridge, Building A
Eatontown, NJ 07724
Attorneys for Defendant(s)
DAVID HYPPOLITE, M.D.

Ronan, Tuzzio & Giannone
Attn: Henry Butehorn, Esq.
4000 Route 66
Tinton Falls, NJ 07753-7308
Attorneys for Defendant(s)
RIVERVIEW MEDICAL CENTER

United States Attorney
Attn: Karen Shelton, Esq.
402 East State Street, Room 430
Trenton, NJ 08608
Attorneys for Defendant(s)
THE UNITED STATES OF AMERICA

Orlovsky, Moody, Schaaf & Gabrysiak
Attn: James Moody, Esq.
187 Highway 36
West Long Branch, NJ 07764
Attorneys for Defendant(s)
PARKER FAMILY HEALTH CENTER

Buckley & Theroux, LLC
Attn: Tess Kline, Esq.
932 State Road
Princeton, NJ 08540
Attorneys for Defendant(s)
STEPHANIE REYNOLDS, M.D., TREVOR TALBERT, M.D., and EMERGENCY PHYSICIAN ASSOCIATES NORTH JERSEY, PC

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of Court.

CARL M. ERMAN, ESQ.
Attorney for Plaintiff

ANTHONY A. LENZA, JR. (AL2680)
ALENZA@AMABILE-ERMAN.COM