P-588
Anthony A. Lenza, Jr., Esq.
Law Office of Carl M. Erman, Esq.
618 Newark Avenue
Elizabeth, NJ 07028
alenza@amabile-erman.com
(908) 282-0505
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

------------------------------------X
INES LOMANDO, as Administratrix Ad
Prosequendum of the Estate of          CIVIL NO. 3:08-CV-04177-FLW-TJB
LAURA LOMANDO, deceased,

        Plaintiff,           Hon. Freda L. Wolfson

  -against-

THE UNITED STATES OF AMERICA,
STEPHANIE REYNOLDS, M.D., TREVOR         **STATEMENT OF MATERIAL FACTS**
TALBERT, M.D., DAVID HYPPOLITE,
M.D., PARKER FAMILY HEALTH CENTER,
RIVERVIEW MEDICAL CENTER, EMERGENCY
PHYSICIAN ASSOCIATES NORTH JERSEY, PC,
JOHN DOE #1 through #5, MARY MOE #1 through
#5, and XYZ CORPORATION #1 through
#5 (fictitious names representing
unknown physicians, nurses,
technicians, medical groups, medical
facilities and/or other medical
providers who participated in the
medical care of the plaintiff) jointly,
severally and in the alternative,

        Defendants.
------------------------------------X

    Pursuant to Local Rule 56.1, plaintiff responds to defendant RIVERVIEW MEDICAL CENTER's Statement of Material Facts as follows:

    1.    Agreed.

    2.    Agreed except Ms. Lomando saw Dr. Helmer on August 28, 2006. (See page 2 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C")

3. Agreed only to August 23, 2006 and differential diagnosis should read submental lymphadenitis vs. submental salivary duct obstruction. (See page 2 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C")

4. Agreed.

5. Agreed and in addition her history included left lymph node swelling for two weeks. (See page 2 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C")

6. Agreed except Ms. Lomando was seen by the physician's assistant and not by a physician. (See page 2 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C")

7. Agreed.

8. Agreed.

9. Denied. Ms. Lomando had chest tightness since starting Augmentin one week prior. (See page 3 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C")

10. Agreed except the diagnosis also included muscle strain and swollen salivary gland. (See page 3 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C")

11. Agreed.

12. Denied as Ms. Lomando presented with a history which included fever to 104 degrees with diaphoresis, general body aches, nausea, malaise, headache, anxious, and left anterior adenopathy. (See pages 4-5 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C")

13. Denied. ECG showed sinus tachycardia. Although blood cultures failed to grow bacteria, lab studies showed numerous abnormalities as noted on page 4 of Dr. Fialk's expert report attached to the moving papers at Exhibit "C".

14. Agreed.

15. Agreed.

16. Agreed except as to cause of death. (See Dr. Fialk's expert report attached to the moving papers at Exhibit "C" for opinions as to cause of death)

17. Agreed.

18. Agreed and in addition, plaintiff served the expert report of Dr. Hayes which was acknowledged by movant in a subsequent court filing.

19. Agreed.

20. Agreed.

21. Agreed.

22. Agreed.

23. Agreed.

24. Denied. As plaintiff has not yet had the opportunity to depose defendants experts, it is possible that one of defendants' experts at trial will be critical of the hospital.

Dated:   June 25, 2010
         Staten Island, New York

                                    CARL M. ERMAN, ESQ.
                                    Attorney for Plaintiff

                                    _____
                                    ANTHONY A. LENZA, JR. (AL2680)
                                    ALENZA@AMABILE-ERMAN.COM